IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDA WALKER-TRUETT,**

        **Plaintiff,**

v.                                          CIV. No. 97-1707 JP/DJS

**RODGERS PLUMBING & HEATING CO.,
INC., ED JOHNSON, ROBERT ORTIZ, AND
JOHN DOES I TO X,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On July 16, 1998 the Defendants filed their "Motion to Dismiss Individually Named Defendants" (Doc. No. 30). After a review of the law and the briefs, I conclude that the motion should be granted.

Plaintiff is a former employee of Defendant Rodgers Plumbing and Heating Co., Inc. ("Rodgers"). Plaintiff asserts three claims against all Defendants. In Count I, Plaintiff contends that Defendants discriminated against her in violation of Title VII of the Civil Rights Act of 1964. In Count II, Plaintiff alleges that Defendants retaliated against her in contravention of Title VII. In Count III, Plaintiff asserts a claim of battery. In their Motion Defendants argue that all of Plaintiff's claims against the individual Defendants should be dismissed.

In her response Plaintiff concedes that her claims arising under Title VII (Counts I and II) are proper only against Defendant Rodgers and that the individual Defendants should be dismissed with respect to these claims. Plaintiff also concurs in the dismissal of her claim of battery (Count

III) against Robert Ortiz.  Thus, the only issue that remains is whether Ed Johnson and the John Does are proper defendants under Count III.

In Gallegos v. Chastain, 95 N.M. 551, 554-555 (Ct. App. 1981), the New Mexico Court of Appeals held that the New Mexico Workers' Compensation Act provided immunity for a co-employee who allegedly committed the intentional tort of battery upon the plaintiff.  Thus, under Gallegos all individual Defendants in this case have immunity from Plaintiff's claims of battery and Plaintiff's claims against them under Count III should be dismissed with prejudice.

IT IS THEREFORE ORDERED that Defendants' "Motion to Dismiss Individually Named Defendants" (Doc. No. 30) is GRANTED and all claims against the individual Defendants are dismissed with prejudice.

_____
**UNITED STATES DISTRICT JUDGE**

2